IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARREN CLARENCE SCHROEDER, # Y14479, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 18-cv-003-MJR ) |
| DCFS, JAN JOHNSON, CAITLYN FIELLO SCHWARTZ, PATRICIA KIEVLAN, STACY CAMPBELL, JULIA GOMRIC, KAHALAH CLAY, and CIRCUIT CLERK'S OFFICE, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Darren Schroeder filed this action on January 2, 2018 pursuant to 42 U.S.C. § 1983. (Doc. 1). On January 19, 2018, this Court dismissed Plaintiff's Complaint for failure to state a claim upon which relief may be granted. (Doc. 7, p. 11). Plaintiff was granted leave to file an amended complaint on or before February 16, 2018 if he so chose. (Doc. 7, p. 12). Plaintiff was warned that if he failed to timely submit an amended complaint, his case would be dismissed with prejudice, and a strike pursuant to 28 U.S.C. § 1915(g) would be assessed. *Id.*

Plaintiff's deadline has now passed, and he has not submitted an amended complaint. He also has failed to request an extension of the deadline for doing so.

As a result, this case is **DISMISSED with prejudice** for failure to comply with an order of this Court and failure to prosecute. FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan*,

1

128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Because the Complaint (Doc. 1) was originally dismissed for failure to state a claim upon which relief may be granted, this dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g). (*See* Doc. 7, p. 11).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: February 26, 2018**

**s/ MICHAEL J. REAGAN**
**Chief Judge**
**United States District Court**
